# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 18cr4530 WQH |
| Plaintiff, | ORDER |
| v. | |
| JORGE HIGAREDA, JR., | |
| Defendant. | |

The matter before the Court is the motion to suppress statements filed by Defendant. (ECF No. 21-2).

On September 24, 2018, Defendant drove a vehicle into the Otay Mesa, California Port of Entry. A Customs and Border Patrol Officer checked the rear cargo area of the vehicle and found a person hidden in the rear passenger-side quarter panel. Defendant was arrested and escorted to the secondary inspection area. Defendant was interviewed by two Customs and Border Patrol Officers. The interview was recorded in its entirety. The video of the interview has been received into evidence.

Defendant moves the Court to suppress the statements made during the interview on the grounds that the Government must demonstrate compliance with *Miranda*, and that his statements were involuntary. Plaintiff United States asserts that the video demonstrates conclusively that the Defendant received proper *Miranda* warnings, and made a voluntary, intelligent, and knowing decision to waive his rights, and make a statement.

**RULING OF THE COURT**

"For inculpatory statements made by a defendant during custodial interrogation to be admissible in evidence, the defendant's waiver of Miranda rights must be voluntary, knowing, and intelligent." *United States v. Garibay,* 143 F.3d 534, 536 (9th Cir. 1998)(internal quotation omitted). "Only if the totality of the circumstances surrounding the interrogation reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the *Miranda* rights have been waived. " *Moran v. Burdine*, 475 U.S. 412, 421 (1986) (internal quotation omitted).

There is a presumption against waiver which the Government bears the burden of overcoming by a preponderance of evidence. *Garibay,* 143 F.3d at 536. *See Berghuis v. Thompkins*, 560 U.S. 370, 384 (2012) ("[T]his 'heavy burden' is not more than the burden to establish waiver by a preponderance of the evidence.") (internal quotation omitted). The validity of a waiver depends upon the particular facts and circumstances of the case, including the background, experience and conduct of the defendant. *See Edwards v. Arizona*, 451 U.S. 477, 482 (1981). "Several factors to consider are (i) defendant's mental capacity; (ii) whether the defendant signed a written waiver; (iii) whether the defendant was advised in his native tongue or had a translator; (iv) whether the defendant appeared to understand his rights; (v) whether the defendant's rights were individually and repeatedly explained to him; and (vi) whether the defendant had prior experience with the criminal justice system." *United States v. Crews*, 502 F.3d 1130, 1140 (9th Cir. 2007).

The video shows clearly that the officers informed the Defendant of his *Miranda* rights and that the Defendant acknowledged that he understood each right. The video shows clearly that the Defendant waived his rights orally and in writing. The video shows clearly that the officer asked the Defendant if he wanted to make a statement and the Defendant responded that he wanted to make a statement. Defendant answered each question asked and did not indicate any intention to terminate the interview or to seek the advice of counsel at any point in the interview. Based upon this record, considering

the totality of the circumstances, the Court concludes that the Government has carried its burden to establish by a preponderance of the evidence that Defendant was fully informed of his *Miranda* rights; that the Defendant acknowledged that he understood his rights; and that the Defendant voluntarily, knowingly, and intelligently waived his rights prior to questioning.

"In evaluating voluntariness, the test is whether, considering the totality of the circumstances, the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne." *United States v. Male Juvenile*, 280 F.3d 1008, 1022 (9th Cir. 2002)(internal quotations omitted). In this case, the video conclusively shows the demeanor of the officers and Defendant remained calm throughout the interview. There is no evidence that voices were raised, that the officers pressured the Defendant, or that threats or false promises of any kind were made by the agents. The video clearly shows Defendant voluntarily answered the questions of the officers with no intimidation or coercion. There are no facts before this Court to support the conclusion that the Defendant's will was overborne by intimidation, coercion, or deception. Based upon this record, considering the totality of the circumstances, the Court concludes that the Government has carried its burden to establish by a preponderance of the evidence that Defendant's statements were the voluntary.

IT IS HEREBY ORDERED that the motion to suppress statements filed by Defendant (ECF No. 21-2) is denied.

DATED: January 8, 2019

**WILLIAM Q. HAYES**
United States District Judge